# Mary W. Chambers et al. v. Amelia C. Henry, Adm., etc.

1. DELIVERY—*Conveyance from a Husband to His Wife—Delivery and Acceptance.*—Where a husband executed a voluntary conveyance of 140 acres of land to his wife, in consideration of one dollar, at a time when he had other property free from incumbrance and exemption amply sufficient to satisfy all of his liabilities, and on the day following read it to his wife, and handed it to her, saying that it belonged to her and to take care of it, and she took it and placed it among her own papers, and in that way preserved it during his lifetime, and a few days after his death, occurring some years afterward, caused it to be recorded, *held,* that the delivery and acceptance of the deed were sufficient to vest the title in the wife.

Creditor's Bill.—Error to the Circuit Court of Morgan County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed February 28, 1901.

ETTER & HAMILTON, attorneys for plaintiffs in error.

ED. D. HENRY and ROBERT H. PATTON, attorneys for defendant in error.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

Plaintiffs had claims allowed as of the seventh class, against the estate of Levi H. Henry, deceased, in the County Court of Morgan County. The estate being insolvent, they presented to the Circuit Court a creditor's bill to set aside, as fraudulent, a certain deed executed by the deceased to his wife, Amelia C. Henry, ten years before, to 140 acres of land situated in Sangamon county. The Circuit Court, upon a hearing, found for the defendant and dismissed the bill. The deed was a voluntary conveyance, executed by a husband to his wife for an alleged consideration of one dollar. No claim is made that, at the time it was executed, 1889, deceased did not have other property, free from incumbrance and exemption, amply sufficient to satisfy all liabilities, or that the indebtedness of plaintiffs in error existed or was even contemplated. The contention upon which the plaintiffs in error plant their case is that the deed was not delivered.

The deceased and his wife were living on the land at the time the deed was made, and continued to live there for a little more than a year, when they moved to Waverly, in Morgan county. Shortly after moving, he engaged in the banking business and became so involved that his estate and the bank were, at the time of his death, in August, 1897, insolvent. Up to the time of his death, he had entire control of the land, leasing the same from time to time and collecting the rents. The deed was not recorded until seven or eight days after his death, and in the original inventory filed in the County Court, this land was listed as part of the assets of the estate. These facts, it was argued, demonstrated that at the time of the execution of the deed, the grantor had no intention of divesting himself of title in his lifetime, that there was no acceptance by the grantee and that there was never, in fact, any delivery of the instrument. They are strong circumstances in support of the contention that there was no delivery, and in a doubtful case, would be sufficient to prevail. They are not sufficient, however, to overcome the testimony of two unimpeached witnesses testifying to an unequivocal delivery. Amelia C. Henry and Hattie I. Harnley both testified, upon the hearing, that on the day following the date of the deed, the grantor had Mrs. Harnley read it over to himself and the grantee and then delivered it to the grantee, telling her that it belonged to her and to take care of it. The grantee accepted it, placed it among her own papers, and in that way preserved it during the lifetime of the grantor. It is difficult to conceive of more positive evidence of delivery.

The circumstance of the land being in the original inventory as part of the estate of the deceased is satisfactorily explained. The inventory was prepared by an attorney living in Springfield, Illinois, a son of the deceased, who listed the properties from memory and inadvertently wrote in the land in question. Some months afterward, on discovering his mistake, and long before the commencement of this suit, he had the inventory corrected and the land eliminated.

The fact that Henry, from time to time, leased the land and collected the rents, does not justify the conclusion of a fraudulent intent to defraud future creditors. It was the old homestead that had been under the management of Henry, and from the proceeds of which, doubtless, the family had been supported. After moving from it, it was quite natural that he should look after the letting of it and the collection of rents, although the title was in his wife.

We approve of the action of the court below in finding for the defendant and in dismissing the bill. Decree affirmed.